# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Sarojini Daram

              Plaintiff(s),

vs.

              Case No. 11-3266 PJS/SER
              (To be assigned by Clerk of District Court)

Jeffrey J. Ptak M.D., P.C.

              DEMAND FOR JURY TRIAL

              YES__x__     NO____

              Defendant(s).

(Enter the full name(s) of ALL defendants in this lawsuit. Please attach additional sheets if necessary).

## COMPLAINT

PARTIES

1. List your name, address and telephone number. Do the same for any additional plaintiffs.

    a. Plaintiff

| | |
|---|---|
| Name | Sarojini Daram |
| Street Address | PO Box 14225 |
| County, City | Ramsey, Minneapolis |
| State & Zip Code | Minnesota 55414 |
| Telephone Number | 612-516-6401 |



2. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption.

   a. Defendant No. 1

      Name                Jeffrey J. Ptak M.D., P.C.

      Street Address      9431 E. Ironwood Square Drive

      County, City        Maricopa, Scottsdale

      State & Zip Code    AZ,  85258

   b. Defendant No. 2

      Name

      Street Address

      County, City

      State & Zip Code

   c. Defendant No. 3

      Name

      Street Address

      County, City

      State & Zip Code

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.**
**Check here if additional sheets of paper are attached:** ☐
**Please label the attached sheets of paper to correspond to the appropriate numbered paragraph above (e.g. Additional Defendants 2.d., 2.e., etc.)**

JURISDICTION

Federal courts are courts of limited jurisdiction. Generally, two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount of damages is more than $75,000 is a diversity of citizenship case.

3. What is the basis for federal court jurisdiction? *(check all that apply)*

   ☐ Federal Question          x Diversity of Citizenship

4. If the basis for jurisdiction is Federal Question, which Federal Constitutional, statutory or treaty right is at issue? List all that apply.



5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party? Each Plaintiff must be diverse from each Defendant for diversity jurisdiction.

   Plaintiff Name:    Sarojini Daram           State of Citizenship:  Minnesota

   Defendant No. 1:  Jeffrey J. Ptak M.D., P.C.   State of Citizenship:  Arizona

   Defendant No. 2:                          State of Citizenship:

   **Attach additional sheets of paper as necessary and label this information as paragraph 5.**
   **Check here if additional sheets of paper are attached.**

6. What is the basis for venue in the District of Minnesota? *(check all that apply)*

   ☐ Defendant(s) reside in Minnesota    x Facts alleged below primarily occurred in Minnesota
   x Other: explain

Plaintiff was a resident of Minnesota at the time of the surgery. Plaintiff is still a resident of Minnesota. Defendant gave Plaintiff false information over the phone from Arizona to Minnesota. Plaintiff prepaid for the surgery by credit card from Minnesota. Defendant gave false information about the surgery again at the preoperative meeting in Arizona.

STATEMENT OF THE CLAIM

3

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how you were harmed. Each paragraph must be numbered separately, beginning with number 7. Please write each single set of circumstances in a separately numbered paragraph.

7. In 2007 28 year old Plaintiff read Defendant's advertisement for fat grafting in New Beauty Magazine (See **Exhibit 1: Advertisement**).

8. Plaintiff called Defendant from Minnesota to Arizona and he told her over the phone that there were no risks associated with his periorbital fat grafting surgery. There would only be temporary swelling and bruising. They also discussed how the surgery would make Plaintiff look like her younger photos that she emailed to Defendant.

9. Plaintiff prepaid for surgery and then she flew out to Arizona to have the surgery.

10. Plaintiff had a preoperative meeting with Defendant where he continued to tell Plaintiff

**Attach additional sheets of paper as necessary.**
**Check here if additional sheets of paper are attached: X**
**Please label the attached sheets of paper to as Additional Facts and continue to number the paragraphs consecutively.**

REQUEST FOR RELIEF

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

Daram requests that the court award her judgment against Defendant for the cost of surgery and for damages for the sum of $200,000.

that there were no risks associated with fat grafting. At the end of the meeting, as an afterthought, Defendant said "oh, you might get a lump." "What do I do if I get a lump?" Plaintiff replied. Defendant responded, "I just inject it with cortisone and it goes away." Plaintiff thought Defendant was talking about swelling since he had already told her that there were no risks associated with fat grafting.

11. Defendant provided Plaintiff with a consent form that only listed general risks of all surgeries (see attached **Exhibit 2: consent forms**).

12. On November 5, 2007 Defendant performed fat grafting surgery on Plaintiff (see attached **Exhibit 3: operative report 1**).

13. Plaintiff went to glamour shots and was photographed around a month after her surgery. When she emailed Defendant the picture he became ecstatic over her outcome. Defendant made an advertisement with Plaintiff's glamour shots photograph to show his patients (see attached **Exhibit 4: Defendant's advertisement**).

13. Plaintiff complained about lumps to Defendant in emails (see attached **Exhibit 5: emails**).

14. Defendant's nurse told Plaintiff that she could have the lumps treated with cortisone injections. Plaintiff returned to Defendant on March 20, 2008 to have the cortisone injections. However, when she arrived, Defendant told her that the cortisone would make a hole in her skin. Defendant persuaded Plaintiff to come in for a second operation to get her desired outcome.

15. On June 18, 2008 Defendant performed another fat grafting surgery on Plaintiff. During the surgery Defendant treated Plaintiff's lumps with the cortisone drug kenalog but this did not help (see attached **Exhibit 6: operative report 2**).

16. Plaintiff suffered 8 or more lumps under her skin from Defendant's two surgeries.

17. Plaintiff was hospitalized for attempting suicide due to emotional suffering caused by the Defendant's surgeries (see attached **Exhibit 7: hospital report**).

18. Defendant added a section on his website about fat grafting where he continued to fail to mention that lumps are a consequence of the surgery (see attached **Exhibit 8: web ad**)

19. Plaintiff sued Defendant in the case of Daram vs. Ptak (see attached **Exhibit 9: Complaint**). Defendant's attorney admitted that lumps are a consequence of fat grafting in his oral argument over summary judgment in the case of Daram vs. Ptak (see attached **Exhibit 10: oral argument page 4 lines 11-21**). At this point in the lawsuit Plaintiff was unable to give any response to Defendant's lawyer's late admission or to investigate this matter. As a result, the lawsuit was dismissed with prejudice on May 24, 2010.

20. See attached **Exhibits 12-68: Photos of Plaintiff** that were taken before and after her surgery and have been marked with dates when taken.

## COUNT ONE

(Medical Malpractice against Ptak P.C.)

21. Daram realleges and incorporates herin all prior paragraphs as if fully set forth herein.

22. Defendant uses cysts or lumps underneath the skin to structurally add volume in the skin and he fell below the medical standard of care when he failed to inform Plaintiff preoperatively that lumps and irregularities were a consequence of his fat grafting surgery.

23. Defendant fell below the medical standard of care when he failed to inform Plaintiff that lumpiness and firmness are risks that are associated with fat grafting (See attached **Exhibit 11: Current Applications and Safety of Autologous Fat Grafts**. Figure 1: Informed Consent for Fat Transfer Procedures).

2

24. Defendant misdiagnosed Plaintiff with deformities of her eyes, including fat atrophy and pseudo-hyperophthalmos (**See Exhibit 3: Operative report 1**). Defendant used very close-up photos to make Plaintiff's eyes appear very large and hollow. Plaintiff was also very thin at the time due to an undiagnosed eating disorder.

## COUNT TWO

(Breach of Contract against Ptak P.C.)

25. Daram realleges and incorporates herin all prior paragraphs as if fully set forth herein.

26. Ptak P.C.'s surgical consent form states at the bottom of page 4 that "The specific risks and complications of each surgical procedure have been explained elsewhere in this preoperative packet."

27. Ptak P.C. did not provide the specific risks of fat grafting in writing.

28. Failure to provide Plaintiff with the specific risks of fat grafting in writing constitutes breach of the surgical consent contract.

## COUNT THREE

(Fraud against Ptak P.C.)

29. Daram realleges and incorporates herin all prior paragraphs as if fully set forth herein.

30. Defendant told Plaintiff that there were no risks of fat grafting other than swelling and bruising during the phone calls between Arizona and Minnesota.

31. Defendant misled Plaintiff to believe that there were no risks associated with the surgery to make the surgery more appealing to Plaintiff. Defendant was aware that lumps are a consequence of the surgery at the time.

Signed this 4TH day of November, 2011

Signature of Plaintiff _Sarojini Param_

Mailing Address    PO box 14225 Minneapolis, MN 55414

Telephone Number    612-516-5401

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide his/her mailing address and telephone number. Attach additional sheets of paper as necessary.