UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SAROJINI DARAM,                                    Case No. 11-CV-3266 (PJS/SER)

            Plaintiff,

v.                                                            ORDER

JEFFREY J. PTAK, M.D., P.C.,

            Defendant.

---

Sarojini Daram, pro se.

John M. Degnan and Jessica J. Stomski, BRIGGS AND MORGAN, P.A., and Peter G. Kline, CRAWFORD & KLINE PLC, for defendant.

This is the second lawsuit that plaintiff Sarojini Daram has brought against defendant Dr. Jeffrey Ptak, a plastic surgeon in Arizona.  Both of Daram's lawsuits arose out of surgical procedures that Ptak performed on Daram in November 2007 and June 2008.  The procedures involved injecting fat cells into the areas around Daram's eyes to approve her appearance.  Daram was unhappy with the procedures because, she says, they left her with unsightly "lumps" in the areas around her eyes.

Daram filed her first lawsuit against Ptak in Arizona state court on September 29, 2008.  Following discovery, the court granted Ptak's motion for summary judgment and dismissed Daram's complaint with prejudice.  Judgment was entered in favor of Ptak on July 8, 2010.  Daram did not appeal.

Daram filed her second lawsuit against Ptak in this Court on November 4, 2011.  Ptak moved to dismiss Daram's complaint on February 27, 2012.  In a Report and Recommendation ("R&R") dated July 2, 2012, Magistrate Judge Steven E. Rau recommended that Ptak's motion

be granted and that Daram's complaint be dismissed under the doctrine of claim preclusion. *See*

R&R 17-18 [ECF No. 31]. Daram filed a timely objection to Judge Rau's R&R. The Court has

conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that

review, the Court agrees with Judge Rau that the claims that Daram asserts in this lawsuit are

barred under the doctrine of claim preclusion. *See* R&R at 10-16. Accordingly, the Court adopts

the R&R and dismisses Daram's complaint with prejudice.[1]

As Judge Rau explained, the law of the forum that issued the allegedly preclusive

judgment controls the claim-preclusion analysis. *See* R&R at 9 (citing *Ashanti v. City of Golden*

*Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)). Because in this case Daram is alleged to be

precluded by a judgment entered by a state court in Arizona, the Court must apply Arizona claim-

preclusion law. Under Arizona law, a plaintiff is "precluded from subsequently maintaining a

second action based upon the same transaction, if the evidence needed to sustain the second

action would have sustained the first action." *Pettit v. Pettit*, 189 P.3d 1102, 1105 (Ariz. Ct.

App. 2008) (quoting Restatement of Judgments § 61 (1942)). There is no question that Daram's

two actions are based on the same "transaction." The only dispute is whether the evidence

needed to sustain this action would also have sustained the Arizona action.

Daram argues that the evidence needed to sustain her claims in this lawsuit would not

have sustained her claims in the Arizona lawsuit because the claims are fundamentally different.

Only a couple of the points made by Daram merit comment.

---

[1]On page 13 of the R&R, Judge Rau noted that "[s]imply renaming a 'risk' of surgery as a 'consequence' of that surgery cannot allow Daram to avoid *issue* preclusion." R&R at 13 (emphasis added). Judge Rau obviously meant *claim* preclusion, as Ptak did not argue that Daram's complaint should be dismissed under the doctrine of issue preclusion.

First, Daram argues that, in the Arizona lawsuit, she accused Ptak of not informing her of

the *risk* that lumps could develop after the surgery.  Here, Daram says, she is accusing Ptak of not

informing her that lumps were a *consequence* of the surgery — i.e., that Ptak would *intentionally*

create lumps as part of the surgical procedure.  *See* ECF No. 33 at 1-2.  But these are merely

variations of the same accusation: that Ptak did not accurately inform Daram of the likelihood

that lumps would develop.  In both lawsuits, Daram accused Ptak of lying when he told her that

there was only a small chance that lumps would develop.  Both the claim in the Arizona lawsuit

and the claim in this lawsuit would depend on the same evidence — most importantly, evidence

about precisely what Ptak told Daram about the development of lumps.  Under Arizona's "same

evidence" test, Daram is precluded from litigating her failure-to-warn claim.

Second, Daram argues that in this lawsuit, unlike the Arizona lawsuit, she is accusing

Ptak of having committed medical malpractice when he "misdiagnosed Plaintiff with deformities

of her eyes, including fat atrophy and pseudo-hyperophthalmos . . . [and] used very close-up

photos to make Plaintiff's eyes appear very large and hollow."  Compl. ¶ 24 [ECF No. 1]; *see*

*also* ECF No. 33 at 2.  Again, though, this is merely a variation of an accusation that Daram

made in the Arizona lawsuit: that Ptak misled her about the condition of her eyes in order to

induce her to agree to the surgeries.  In the Arizona lawsuit, Daram alleged in her complaint that

Ptak misled her into agreeing to the surgical procedures. *See* ECF No. 12-1 at 1.  And at the

hearing on Ptak's summary-judgment motion, Daram elaborated on her claim, telling the judge

(among other things) that Ptak enticed her to consent to the procedures by telling her that "her

eyes did not look good" and by using misleading preoperative photos to "dramatize[] her

condition."  *See* ECF No. 12-5 at 5.  That Daram did not use the term "misdiagnosis" in the

Arizona litigation is irrelevant.  Both the claim in the Arizona lawsuit and the claim in this

lawsuit would depend on the same evidence — most importantly, evidence about precisely what

Ptak told Daram about the preoperative condition of her eyes.  Under Arizona's "same evidence"

test, Daram is precluded from litigating her medical-malpractice claim.  *See Pettit*, 189 P.3d

at 1106.

In addition, as Judge Rau pointed out, the doctrine of claim preclusion bars not only

claims that *were* litigated, but claims that *could* have been litigated.  *See* R&R at 10 (citing *Pettit*,

189 P.3d at 1106).  Thus, even if Daram had not brought a claim based on Ptak's alleged

misdiagnosis of her condition in the Arizona lawsuit, the fact that she *could* have brought such a

claim would be sufficient to bar her claim in this lawsuit.  *See* Restatement of Judgments § 63

cmt. b (1942) ("The plaintiff is not permitted to maintain successive actions for the same injury

by alleging different acts of negligence on the part of the defendant."); *see also Martinez v. John*

*C. Lincoln Health Network*, No. 1 CA-CV 10-0032, 2010 WL 5059604, at *3 (Ariz. Ct. App.

Oct. 21, 2010) ("Although the causes of action Martinez alleges against the defendants in this

case are not precisely the same causes of action dismissed by agreement in the earlier litigation,

they are barred by res judicata because they are based on evidence that would have supported the

claims that were dismissed previously." (emphasis omitted)).

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY

ORDERED THAT:

1.      Daram's objection [ECF No. 33] is OVERRULED.

2.      The Court ADOPTS the R&R [ECF No. 31].

-4-

3.    Ptak's motion to dismiss [ECF No. 9] is GRANTED.

4.    Daram's motion to compel [ECF No. 21] is DENIED AS MOOT.

5.    Daram's complaint [ECF No. 1] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  August _6_, 2012                          s/Patrick J. Schiltz_____
                                                  Patrick J. Schiltz
                                                  United States District Judge